IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**JOANN MARIE SCHAFFNER,**

Plaintiff,

v.

**MICHAEL J. ASTRUE,**
Commissioner of Social Security,

Defendant.

3:11-CV-00716 RE

**OPINION AND ORDER**

**REDDEN**, Judge:

Plaintiff Joann Schaffner ("Schaffner") brings this action to obtain judicial review of a final decision of the Commissioner of the Social Security Administration ("Commissioner") denying her claim for Social Security Disability ("SSD") and Supplemental Security Income ("SSI") benefits. For the reasons set forth below, the decision of the Commissioner is reversed and this matter is remanded for further proceedings consistent with this opinion.

## BACKGROUND

Born in 1964, Schaffner completed the ninth grade, and has worked as a hairdresser, a grade checker, and a general office clerk. In April 2008, Schaffner filed an application for SSI benefits, alleging disability since November 28, 2006, due to numbness, muscle spasm, pain, and loss of bowel and bladder control. Tr. 125. Her application was denied initially and upon reconsideration. After a March 2010 hearing, an Administrative Law Judge ("ALJ") found her not disabled. Schaffner's request for review was denied, making the ALJ's decision the final decision of the Commissioner.

## ALJ's DECISION

The ALJ found Schaffner had the medically determinable severe impairments of: history of thoracic and lumbar spine fractures, status post lumbar fusion; neurogenic bladder and bowel; and bilateral feet osteopenia. Tr. 12.

The ALJ determined that Schaffner retained the residual functional capacity to perform a limited range of light work. Tr. 31-35.

The ALJ found that Schaffner was able to return to her past relevant work as a grade checker or office clerk. In the alternative, the ALJ found she could work as a manicurist. Tr. 26.

The medical records accurately set out Schaffner's medical history as it relates to her claim for benefits. The court has carefully reviewed the extensive medical record, and the parties are familiar with it. Accordingly, the details of those medical records will be set out below only as they are relevant to the issues before the court.

///

///

## DISCUSSION

Schaffner contends that the ALJ erred by: (1) finding her not fully credible; and (2) improperly weighing physician testimony.

### I. Credibility

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities. *Andrews v. Shalala,* 53 F.3d 1035, 1039 (9th Cir 1995). However, the ALJ's findings must be supported by specific, cogent reasons. *Reddick v. Chater,* 157 F.3d 715, 722 (9th Cir 1998). Unless there is affirmative evidence showing that the claimant is malingering, the Commissioner's reason for rejecting the claimant's testimony must be "clear and convincing." *Id.* The ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints. *Id.* The evidence upon which the ALJ relies must be substantial. *Reddick,* 157 F.3d at 724. *See also Holohan v. Massinari,* 246 F.3d 1195, 1208 (9th Cir 2001). General findings (e.g., "record in general" indicates improvement) are an insufficient basis to support an adverse credibility determination. *Reddick* at 722. *See also Holohan,* 246 F.3d at 1208. The ALJ must make a credibility determination with findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit the claimant's testimony. *Thomas v. Barnhart,* 278 F.3d 947, 958 (9th Cir 2002).

In deciding whether to accept a claimant's subjective symptom testimony, "an ALJ must perform two stages of analysis: the *Cotton* analysis and an analysis of the credibility of the claimant's testimony regarding the severity of her symptoms." [Footnote omitted.] *Smolen v. Chater,* 80 F.3d 1273, 1281 (9th Cir 1996).

///

> Under the *Cotton* test, a claimant who alleges disability based on subjective symptoms "must produce objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged...." *Bunnell,* 947 F.2d at 344 (quoting 42 U.S.C. § 423 (d)(5)(A) (1988)); *Cotton,* 799 F.2d at 1407-08. The *Cotton* test imposes only two requirements on the claimant: (l) she must produce objective medical evidence of an impairment or impairments; and (2) she must show that the impairment or combination of impairments *could reasonably be expected to* (not that it did in fact) produce some degree of symptom.

*Smolen,* 80 F.3d at 1282.

The ALJ found that Schaffner's allegations as to the intensity, persistence and limiting effects of her symptoms were not credible to the extent that they are inconsistent with the RFC assessment. Tr. 23. The ALJ noted that Schaffner's condition had improved with treatment, that she returned to work as a hairdresser, and cared for her three children.

A. Improvement in Condition

The ALJ stated that '[a]s early as May 2008, notes refer to her being fully functional, and able to walk and care for herself without problems, with no prescribed medications." Tr. 23. The full sentence in the medical record is "Her multiple symptoms are generally a result of the accident, but she is fully functional, being able to walk and take care of herself without problems and on no prescribed medications." Tr. 413. In July 2008 Schaffner reported bladder leakage, back pain, and bilateral hip and leg pain. Tr. 411.

The improvement in Schaffner's condition is not a clear and convincing reason to find her not fully credible.

///

///

B. Work Activity

The ALJ noted that in August 2009 Schaffner reported to her physician that she was working up to eight hours a day, five days a week, and that in January 2010, she reported working full-time as a hairdresser. Tr. 23. At her hearing, Schaffner testified that her reports to her doctor were not accurate, that she had never worked full-time since her accident, that she presumed she was going to get the full-time jobs, and that she was too embarrassed to tell her doctor that she had not received the jobs and was not working full-time. Tr. 46-47.

Schaffner's conflicting reports as to her work activity are a clear and convincing reason to find her less than fully credible.

**II. Physician Opinion**

Disability opinions are reserved for the Commissioner. 20 C.F.R. §§ 404.1527(e)(1); 416.927(e)(1). If no conflict arises between medical source opinions, the ALJ generally must accord greater weight to the opinion of a treating physician than that of an examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). In such circumstances the ALJ should also give greater weight to the opinion of an examining physician over that of a reviewing physician. *Id.* But, if two medical source opinions conflict, an ALJ need only give "specific and legitimate reasons" for discrediting one opinion in favor of another. *Id.* at 830. The ALJ may reject physician opinions that are "brief, conclusory, and inadequately supported by clinical findings." *Bayliss v. Barnhart,* 427 F.3d 1211, 1216 (9th Cir. 2005).

**A. Ida C. Pacheco, Ph.D.**

Dr. Pacheco reviewed medical records and conducted a two hour and forty five minute assessment of Schaffner in June 2007. Tr. 300-06. She was asked to evaluate the claimant's

"possible head injury, alcoholism, methamphetamine abuse, and depression." Tr. 300. Dr. Pacheco noted that "at times [Schaffner] would become tangential," but would catch and redirect herself. Tr. 301. Schaffner denied depression, but Dr. Pacheco thought she "appeared somewhat depressed." *Id.* Schaffner exhibited problems with social judgment, and Dr. Pacheco wrote that "her judgment may be somewhat compromised by her current level of cognitive functioning." *Id.*

Dr. Pacheco diagnosed Alcohol Dependence; Methamphetamine Abuse r/o Dependence; Adjustment Disorder with Depressed Mood; Depressive Disorder NOS rule out; PTSD rule out; and Eating Disorder rule out. Dr. Pacheco found Schaffner's verbal and nonverbal reasoning abilities and fund of information were in the average to low average range, and that she exhibited some difficulty doing some tasks that called for delayed recall, sustained attention and concentration, and working memory. Tr. 306. Dr. Pacheco opined that the evaluation accurately reflected Schaffner's ability, and concluded that "at this time Ms. Schaffner is not able to manage the physical demands of full time attendance at work or to work for extended periods of time." *Id.*

The ALJ noted Dr. Pacheco's opinion and stated "[s]trangely, Dr. Pacheco gave no opinion regarding the claimant's mental functional capacity, and gave no narrative explanation for why he [sic] thought the claimant's physical impairments would preclude full-time work. The claimant's impairments are outside the scope of his [sic] expertise." Tr. 23. The ALJ gave Dr. Pacheco's opinion "little weight." *Id.*

Schaffner argues that Dr. Pacheco, based on a psychodiagnostic evaluation, found that she did not have the mental ability to handle the physical demands of full-time work.

The Commissioner contends that Dr. Pacheco improperly based her opinion on an assessment of Schaffner's physical abilities. The record indicates that Dr. Pacheco properly assessed, with a six page narrative, Schaffner's mental status.

The Commissioner argues that Dr. Pacheco's opinion is "clearly contradicted by Dr. Flores, who believed Plaintiff could work full time." Defendant's Brief, p. 17. The Commissioner points to Dr. Flores's chart note of June 2009, in which Dr. Flores notes "significant pain...mainly it is on her feet currently. The patient notes her mood can be low and she relates this to her ongoing pain. Otherwise, she is working full-time." Tr. 401. As set out above, plaintiff's report to Dr. Flores that she worked full-time was not true. Reporting a patient's allegation is not the same as rendering a medical opinion that the patient is capable of full-time work.

The Commissioner also cites the January 2010 chart note in which Dr. Flores reports that Schaffner is taking up to 10 oxycodone tablets per day for chronic leg pain, and that "[p]atient has been working full-time and this is when she finds having to use more pain medication." Tr. 428. This falls short of a medical opinion that Schaffner is capable of full-time work.

Accordingly, I find that Dr. Pacheco's opinion is uncontradicted, and the ALJ failed to articulate specific and legitimate reasons to grant it little weight.

**B. Dorothy Jean Anderson, Ph.D., Paul Rethinger, Ph.D., Paula Kresser, Ph.D.**

Dr. Anderson reviewed the records and completed a psychiatric review technique in June 2007. Tr. 319-32, 333-36. She found that Schaffner had moderate difficulties in maintaining concentration, persistence or pace, and in social functioning. Tr. 329. Dr. Anderson found the claimant moderately limited in the ability to understand and remember detailed instructions, carry

out detailed instructions, maintain attention and concentration, interact appropriately with the general public, accept instructions and respond appropriately to criticism from supervisors, get along with coworkers or peers without distracting them or exhibiting behavioral extremes, and set realistic goals or make plans independently of others. Tr. 333-34. Dr. Anderson opined that Schaffner "can understand and carry out short and simple instructions (1-2 step) and must not have to maintain extended periods of concentration (more than 2 hrs)." Tr. 335. Schaffner would do best with predictable routines and benefit from help setting realistic goals (vocational guidance). *Id.*

Dr. Rethinger reviewed Schaffner's medical records and Dr. Anderson's conclusions in November 2007. Tr. 342. Dr. Rethinger agreed with Dr. Anderson's assessment. Tr. 348.

Dr. Kresser reviewed Dr. Anderson's conclusions in December 2007 and agreed with her. Tr. 351-52.

The ALJ rejected the opinions, stating that they were "inconsistent with the objective medical evidence, the claimant's mental health treatment history, her daily activities, her report that she has no limitations due to mental symptoms, and her work activity following the alleged onset date. I accordingly give the State agency assessment[s] little weight." Tr. 21.

The ALJ does not identify the allegedly inconsistent objective medical evidence. The Commissioner notes that Schaffner testified that she had no problem working with other people or the public. Tr. 20, 54. Schaffner testified that she was depressed, but that her depression did not cause problems in her day to day life. Tr. 57.

Arguably, Dr. Anderson's opinion that Schaffner has moderate limitations in her ability to interact appropriately with the general public and in social functioning is contradicted. The rest

of her opinions are not. Dr. Anderson's opinion is consistent with Dr. Pacheco's opinion, the January 2007 opinion of R. Scott Babe, M.D. (rule out mood disorder), the April 2007 opinion of Timothy S. Edelblute, M.D. (depression), and the February 2009 opinion of Dr. Flores (depressed mood, start Cymbalta). The Commissioner correctly points out that a diagnosis is not the same thing as a functional limitation, but here, multiple diagnoses are consistent with the functional limitations described by Dr. Pacheco.

The ALJ denied Schaffner's request for a neuropsychological examination. Tr. 43, 68. Schaffner argues that she has some cognitive deficits, the extent of which is unclear. Plaintiff's Opening Brief, p. 14. The Commissioner argues that the ALJ properly rejected Dr. Pacheco's opinion because she failed to assess Schaffner's mental functional capacity. The Commissioner argues that the ALJ properly rejected the opinions of Drs. Anderson, Rethinger, and Kresser for lack of evidentiary support. If the record lacks appropriate assessment of Schaffner's mental function limitations, the ALJ erred by failing to order a neuropsychological examination.

## CONCLUSION

The ALJ's decision is not supported by substantial evidence. This matter is reversed and remanded for further proceedings under sentence four of 42 U.S.C.§ 405(g) consistent with this opinion.

IT IS SO ORDERED.

Dated this 7 day of August, 2012.

JAMES A. REDDEN
United States District Judge