IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**JOANN MARIE SCHAFFNER,**                    3:11-CV-00716 RE

        Plaintiff,                    **OPINION AND ORDER**

        v.

**MICHAEL J. ASTRUE,**
Commissioner of Social Security,

        Defendant.

**REDDEN**, Judge:

Plaintiff seeks an award of fees in the amount of $7,351.04 under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A). Because I find that the position of the Commissioner was substantially justified in part, plaintiff's application is granted in part and denied in part.

**Background**

In April 2008, Schaffner filed an application for SSI benefits, alleging disability since

1 - OPINION AND ORDER

November 28, 2006, due to numbness, muscle spasm, pain and loss of bowel and bladder control. Her application was denied initially and upon reconsideration. After a March 2010 hearing, an Administrative Law Judge ("ALJ") found her not disabled. Schaffner sought review in this court, and the case was remanded to the ALJ to reconsider the opinions of Ida C. Pacheco, Ph.D., Dorothy J. Anderson, Ph.D., Paul Rethinger, Ph.D., Paula Kresser, Ph.D., and to determine whether a neuropsychological examination was required.

Plaintiff filed the current application for fees (# 22). The Commissioner opposes the award of fees, arguing that his position was substantially justified, and therefore, plaintiff is not entitled to fees.

## Discussion

Under the EAJA, a prevailing party is entitled to recover attorneys fees "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). "The test for whether the government is substantially justified is one of reasonableness." *Gonzales v. Free Speech Coalition,* 408 F.3d 613, 618 (9th Cir. 2005)(internal quotations omitted). The Commissioner's position need not be justified to a high degree, but to a degree that could satisfy a reasonable person. *Pierce v. Underwood,* 487 U.S. 552, 562-63 (1988); *Bay Area Peace Navy v. United States,* 914 F.2d 1224, 1230 (9th Cir. 1990).

A substantially justified position does not necessarily mean a correct position; instead there may be a dispute over which reasonable minds could differ. *Gonzales,* 408 F.3d at 618. A position is substantially justified if it has a reasonable basis in law and fact. *Pierce,* 487 U.S. at 565; *Hardisty v. Astrue,* 592 F.3d 1072, 1079 (9th Cir. 2010), *cert. denied,* 2011 WL 1832858

2 - OPINION AND ORDER

(May 16, 2011). The government bears the burden of demonstrating substantial justification. *Kali v. Bowen,* 854 F.2d 329, 332 (9th Cir. 1988).

## I. Credibility

The ALJ found that the plaintiff was not a reliable source for determining the most she could do despite her limitations because the record showed: (1) she improved with treatment; ()2) her work activity showed she was not totally disabled; and (3) her testimony regarding her work activity was inconsistent with her reports to her doctors. Tr. 23-24.

The court found that the ALJ properly found plaintiff less than fully credible. Plaintiff argues that a fee award should not be reduced simply because a claimant failed to prevail on every contention raised, citing *Hensley v. Eckerhart,* 461 U.S. 424 (1983). In *Hensley* the plaintiffs challenged the constitutionality of treatment and conditions at a state mental hospital and prevailed on five of six general areas of treatment. Thereafter, they sought attorney's fees under the Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C. § 1988. The *Hensley* Court held that, where the plaintiff failed to prevail on a claim unrelated to the successful claims, the hours spent on the unsuccessful claim should be excluded in considering the amount of a reasonable fee. *Hensley,* 461 U.S. at 435. The *Hensley* Court also noted that the extent of a plaintiff's success is a crucial factor in determining the proper amount of attorney fees awarded. *Id.* at 430.

The Commissioner's position regarding plaintiff's credibility was substantially justified.

## II. Expert Medical Opinions

### (A) Dr. Pacheco

Disability Determination Services referred plaintiff to Dr. Pacheco for a comprehensive

3 - OPINION AND ORDER

psychodiagnostic evaluation, to evaluate "possible head injury, alcoholism, methamphetamine abuse, and depression." Tr. 300. Dr. Pacheo stated that plaintiff "is not able to mange the physical demands of fulltime attendance at work or to work for extended periods." Tr. 306.

The ALJ wrote:

> In June, 2007, consulting psychologist Ida Pacheco PhD opined that the claimant is not able to manage the physical demands of full-time work attendance or working for extended periods of time. Strangely, Dr. Pacheco gave no opinion regarding the claimant's mental functional capacity, and gave no narrative Explanation for why he [sic] thought the claimant's physical impairments would preclude full-time work. The claimant's limitations due to her physical impairments are outside the scope of his [sic] expertise. For these reasons, I give Dr. Pacheco's opinion little weight.

Tr. 24. The ALJ did not mention remaining seven pages of Dr. Pacheco's report or her multiple diagnoses of mental impairments.

The Commissioner properly notes that psychologists are not qualified to render opinions regarding a claimant's physical impairments. However, the ALJ's failure to address the remainder of Dr. Pacheco's opinion as to mental limitations was legal error and not substantially justified.

### (B) Agency Physicians

The ALJ rejected the opinions of three reviewing psychologists on the grounds that the assessments were "inconsistent with the objective medical evidence, the claimant's mental health treatment history, her daily activities, her report that she has no limitations arising from mental symptoms, and her work activity following the alleged onset date." Tr. 21. The ALJ did not identify the contradictory objective medical evidence on which he relied. The opinions of the

4 - OPINION AND ORDER

reviewing psychologists were uncontroverted and corroborated by other medical practitioners.

The Commissioner argues that the ALJ articulated specific and legitimate reasons to reject the agency physicians. The Commissioner cites four cases, three of which identify specific and legitimate reasons for an ALJ to find a claimant less than fully credible. See, *Tommasetti v. Astrue,* 533 F.3d 1035 (9th Cir. 2008)(that claimant stopped working for reasons unrelated to his alleged disabling impairment supported ALJ's determination that claimant was less than fully credible); *Burch v. Barnhart,* 400 F.3d 676 (9th Cir. 2005)(ALJ is permitted to consider lack of treatment when assessing claimant's credibility); *Molina v. Astrue,* 674 F.3d 1104, 1114 (9th Cir. 2012)(upholding adverse credibility finding where no medical evidence indicated that the claimant's failure to seek treatment was the result of a mental impairment rather than personal preference and treatment was inconsistent with the level of complaints).

The fourth case cited by the Commissioner is *Morgan v. Comm'r of Soc. Sec. Admin.,* 169 F.3d 595 (9th Cir. 1999). In *Morgan* the ALJ did not err in rejecting the opinion of the treating psychiatrist and examining psychologist in favor of a nonexamining medical advisor, when the treating and examining providers had substantial contradictions in their records, and the claimant had above average cognitive abilities, coped with the social aspects of daily living, and demonstrated the ability to work independently by maintaining a one acre garden among other activities.

That Schaffner stated she had no limitations arising from mental health issues does not discredit the opinions of the reviewing psychologists that she did have mental health issues. Likewise, neither the claimant's failure to seek treatment for mental health issues nor her work activity raise doubt as to the psychologists's opinions. The Commissioner has not established

5 - OPINION AND ORDER

that his position on this issue was substantially justified.

## III. Failure to Order a Neuropsychological Examination

Schaffner contends that the ALJ erred by failing to order a neuropsychological examination. This court ruled that "[i]f the record lacks appropriate assessment of Schaffner's mental function limitations, the ALJ erred by failing to order a neuropsychological examination."

This matter was remanded for a proper look at the mental health evidence. The ALJ has the discretion to reconsider this issue on remand. The Commissioner's position on this issue was substantially justified.

## IV. Reasonableness of Plaintiff's Attorney's Fee Request

An award of attorney fees under the EAJA must be reasonable. 28 U.S.C. § 2412(d)(2)(A). The court has an independent duty to review the fee request to determine its reasonableness. *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983); *Moreno v. City of Sacramento,* 534 F.3d 1106, 1111 (9th Cir. 2008). The fee applicant bears the burden of documenting the appropriate hours expended in the litigation and must submit evidence in support of those hours worked. *Gates v. Deukmejian,* 987 F.2d 1392, 1397 (9th Cir. 1992). The party opposing the fee request has the burden of rebuttal which requires the submission of evidence to challenge the accuracy and reasonableness of the hours charged. *Id.* at 1397-98.

Plaintiff seeks a total of $ 7, 351.04 in attorney fees at $180.59 per hour for 1.50 hours expended in 2011, and $183.90 per hour for 35.00 hours expended in 2012 to pursue this matter. The Commissioner does not object to the hourly rate or number of hours, and I note that the rates are within the statutory cap provided for under the EAJA.

The Commissioner has established that he was substantially justified on two of the four

issues on remand. Accordingly, the plaintiff will be awarded 50% of the fees sought for prevailing on two out of four issues. Therefore, plaintiff is entitled to an award of $3,675.50. *See, Astrue v. Ratliff,* 130 S.Ct. 2521 (2010)(fees under § 2412(d) are payable to the litigant and subject to offset to satisfy and pre-existing debt owed to the United States).

## Conclusion

For the reasons stated above, plaintiff's Motion for Attorney Fees Under 28 U.S.C. § 2412(d) (#22) is granted in part and denied in part. Plaintiff is awarded $3,675.50 under the EAJA, subject to any offsets allowed under the Treasury Offset Program.

IT IS SO ORDERED.

DATED this 4th day of February, 2013.

James A. Redden
United States District Judge

7 - OPINION AND ORDER